CALIFORNIA ANIMAL PRODUCTS CO. *vs.* CHARLES LAPPIN *et al.*

JANUARY 10, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit on the common counts to recover the purchase price of goods which were destroyed before delivery. The trial in the Superior Court resulted in a verdict for the plaintiff for $462.95, the purchase price plus interest, and the case is here on the defendants' exceptions as follows: to the refusal of the trial justice to direct a verdict for the defendants, to instructions to the jury and to the refusal to instruct the jury as requested.

On or about December 20, 1930, plaintiff through its brokers, Warren-Corliss Company, accepted from the de-

fendants an order for 110 cases of Calo Dog Food Products. On or about January 15, 1931, the brokers mailed to the defendants an invoice of the goods together with an order on the warehouse in Boston, where the goods were stored, to deliver them to the defendants. The 110 cases were part of a larger mass stored in the same warehouse. The warehouse company had issued to the plaintiff a warehouse receipt for the entire lot and none of the parties notified said company of the agreement to sell a portion of the goods. On January 31, 1931, before any separation had been made, a fire damaged the entire lot of goods. Insurance adjusters in behalf of the plaintiff checked the loss with the warehouse company, said company furnishing them information as to the number of cases in the plaintiff's name. Thereafter the goods were abandoned as a total loss.

If the defendants had presented the delivery order to the warehouse, the goods would have been separated from the common lot and delivered to them, and the plaintiff would have been notified thereof by the warehouse company. Defendants not having presented the delivery order to the warehouse company, the entire mass, at the time of the fire, was held by said company as the property of the plaintiff.

The main issue in the case involved the terms of the contract. The plaintiff contends that the agreement was that the defendants would on January 15 present the order to said warehouse and remove the goods. The defendants contend that the oral agreement with the salesman was that the goods were to be shipped from California by boat to arrive either in Boston or in Providence, and that delivery was to be made at the wharf where the boat docked. The delivery order, bearing date "12–22–31," which the brokers sent to the defendants, contains language as follows: "Ship to Capitol Wholesale Providence, R. I. For account of California Animal Products Terms 2–10n–30 F. O. B. Providence, R. I. Remarks Pick up Sleeper Storage When Ship How Ship January 15, 1931." There was a sharp conflict in the testimony as to when and where delivery was to be made. It is clear that defendants, after receiving the

order on the warehouse company for delivery, made no complaint to the brokers.

It should be borne in mind that this is an action to recover the purchase price and not an action for breach of contract. It is therefore necessary to consider whether title to the goods passed from the plaintiff to the defendants.

It is clear that no portion of the large number of cases was set aside from the common mass or marked for identification as constituting the 110 cases necessary to fulfill the contract, and the warehouse company never agreed to hold any goods for the defendants.

Section 1, Chapter 306, G. L. 1923, provides as follows: "Where there is a contract to sell unascertained goods no property in the goods is transferred to the buyer unless and until the goods are ascertained, but property in an undivided share of ascertained goods may be transferred as provided in section six of chapter three hundred and five." Said section 6 provides in part as follows: "There may be a contract to sell or a sale of an undivided share of goods. If the parties intend to effect a present sale, the buyer, by force of the agreement, becomes an owner in common with the owner or owners of the remaining shares."

There is no evidence tending to show that the parties intended that the buyer become an owner in common with the seller. No part of the common mass was set aside or selected to fill the order; and the warehouse company did not agree to hold any of the goods for the benefit of the purchaser or for the common benefit of the purchaser and seller. It is well settled that in such circumstances title does not pass. 55 C. J. §§ 544-547. To constitute a sale the parties must intend to transfer immediate ownership in some specific article or articles. *Barber* v. *Andrews*, 29 R. I. 51.

The second exception is to a charge that the sending of the delivery order transferred title to the goods. A delivery order unaccompanied by the warehouse receipt is not such a document of title as is referred to in Sec. 3 (3); Chap. 307,

G. L. 1923. *Kirsch & Co.* v. *Roulston, Beckert & Co.*, 178 N. Y. S. 246.

The third exception is to a charge substantially the same as the second, with an additional statement that it was not necessary to separate or segregate the goods. Each of these exceptions involve legal principles already discussed. The second and third exceptions are sustained.

The fifth exception is to the refusal to charge the jury: "That if the warehouse was not notified by the plaintiff or its agents to appropriate the number of cases sold to the defendants from the other cases in that lot, there would be no delivery of the goods to the defendants and no passing of title and the plaintiff could not prevail upon the common counts." As we have already indicated, this request correctly stated the law applicable to the facts in this case. This exception is sustained.

The first exception is to the refusal to direct a verdict for the defendant. This exception must be sustained. As we have pointed out, title did not pass to the defendants. Assuming that the plaintiff's contention as to the terms of the contract is correct, the defendants may be liable for breach of contract in failing to call for the goods and accept delivery within a reasonable time.

Section 6 (b), Chapter 306, G. L. 1923, provides that: "Where delivery has been delayed through the fault of either buyer or seller the goods are at the risk of the party in fault as regards any loss which might not have occurred but for such fault." However, this is an action to recover the purchase price and not an action for damages for breach of an executory contract. See *Old Kentucky Distributing Co.* v. *Morin*, 146 Atl. (R. I.) 403.

Plaintiff's counsel failed to make a motion to amend the declaration. This failure may have been due to the fact that the trial justice ruled that it was possible for the plaintiff, relying on the common counts, to recover the purchase price. We think that the plaintiff should be entitled to bring a new action for breach of contract. See *Williams* v. *Smith*, 28 R. I. 125.

It is unnecessary to consider the other exceptions.

The plaintiff may, if it shall see fit, appear on the twenty-second day of January and show cause, if any it has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant as of nonsuit.

*Francis J. O'Brien, James J. Corrigan, William E. Boyle,* for plaintiff.

*Morris S. Waldman,* for defendant.